# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROBINSON, | ) |
| Plaintiff, | ) Case No. 1:13-CV-4859 |
| v. | ) Honorable Harry D. Leinenweber |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and ALFRED PERALES, individually, | ) Magistrate Judge Michael T. Mason |
| Defendants. | ) |

## DEFENDANT ALFRED PERALES' RENEWED MOTION
## FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 50(B)

Defendant ALFRED PERALES ("Lt. Perales" or "Defendant"), by his attorneys, pursuant to Federal Rule of Civil Procedure 50(b), for his Renewed Motion for Judgment as a Matter of Law, states as follows:

1.  On July 8, 2013, Plaintiff Anthony Robinson ("Plaintiff") and Timothy Spangler ("Sgt. Spangler") commenced this action against Defendants The Board of Trustees of the University of Illinois ("The Board"), Lt. Perales, former University of Illinois at Chicago ("UIC") Chief of Police John Richardson, former UIC Police Commander Frank Cappitelli and current UIC Police Captain Eric Hersey (collectively, "Defendants"). (*See* ECF No. 1.)

2.  On February 11, 2014, Plaintiff and Sgt. Spangler filed a joint Second Amended Complaint against Defendants alleging numerous claims including, but not limited to, retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). (*See* ECF No. 17-2.)

3.  In June 2015, after the close of discovery, Defendants filed motions for summary judgment on all of Plaintiff's and Sgt. Spangler's claims. On November 6, 2015, the Court

granted summary judgment on all counts except a portion of Count III—Plaintiff's retaliation claim pursuant to Title VII and Section 1981 against The Board and Lt. Perales. (*See generally* ECF No. 84.) The Court granted summary judgment as to Count III in favor of Defendants Richardson, Cappitelli and Hersey. (*See* ECF No. 84 at pp. 19-20.)

4. A jury trial in this matter on the remaining portion of Count III (retaliation against The Board and Lt. Perales) began on April 26, 2016. (*See* ECF No. 97.)

5. Immediately upon the close of Plaintiff's case at trial, The Board and Lt. Perales brought an oral motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). (ECF No. 116 at 369:8-380:12.)

6. In support of their motion, The Board and Lt. Perales argued Plaintiff failed to demonstrate he suffered any actionable material adverse action given there was no evidence of heightened scrutiny or aggressive monitoring that would have deterred anyone from pursuing their civil rights. (ECF No. 116 at 371:4-6.) And the only incident about which any of Plaintiff's witnesses testified with any specificity (involving Plaintiff's parked squad car outside of the Drum and Monkey bar) occurred *before* he complained about Lt. Perales and filed his first grievance; therefore, this evidence cannot support Plaintiff's retaliation claim. (*Id*.) Further, others who did not file grievances or complain about Lt. Perales also felt he monitored them. (ECF No. 115 at 184:7-19.)

7. The Board and Lt. Perales also argued Plaintiff failed to introduce evidence that he actually suffered any disciplinary action, or evidence satisfying the heighted standard required for an award of punitive damages. (ECF No. 116 at 374:22-375:2, 379:24-380:6.) The Court ultimately denied the Motion for Judgment as a Matter of Law in its entirety. (ECF No. 116 at 379:11-17, 380:7-12.)

8.  At the close of evidence, The Board and Lt. Perales renewed their motion pursuant to Federal Rule of Civil Procedure 50(a). (ECF No. 117 at 573:23-574:1.) The Court again denied the motion, so the parties proceeded with closing arguments. (ECF No. 117 at 574:2-6.)

9.  After deliberations, in the case against The Board, the jury entered a verdict in favor of The Board. (ECF No. 117 at 628:14-22; ECF No. 105.)

10. In the case against Lt. Perales, the jury entered a verdict in favor of Plaintiff. (ECF No. 117 at 628:23-629:9; ECF No. 105.) The jury determined Plaintiff proved by a preponderance of the evidence that (1) he engaged in protected activity, (2) he suffered material adverse employment action, and (3) his protected activity was the but-for cause of the material adverse employment action by Lt. Perales, but only awarded him damages in the amount of $1.00. (*Id.*) The jury did not award Plaintiff any punitive damages. (ECF No. 117 at 629:10-14; ECF No. 105.)

11. The Court entered judgment on April 29, 2016. (ECF No. 102.)

12. Defendant Perales now renews his motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b).

13. Judgment should be enforced in favor of Lt. Perales because the jury's verdict against him in this case is contrary to law. Neither "aggressive monitoring" nor "heightened scrutiny" constitutes material adverse employment action under Title VII or Section 1981.

14. The verdict is also unsupported by the evidence given Plaintiff failed to demonstrate his complaints and grievances about Lt. Perales were the "but-for" cause of any alleged conduct by Lt. Perales. Indeed, Plaintiff failed to prove at trial that Lt. Perales treated him any differently than he did other officers.

15. The facts, arguments, and legal authority in support of this Motion are contained in Defendant's Memorandum in Support, which has been contemporaneously filed and is hereby incorporated by reference.

**WHEREFORE**, Defendant ALFRED PERALES respectfully requests that the Court grant his Renewed Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b), and such other relief as the Court deems just and appropriate.

DATED: May 27, 2016

By: /s/ Katherine A. Manuel
One of the Attorneys for Defendant
ALFRED PERALES

Timothy A. Wolfe
Katherine A. Manuel
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*timothy.wolfe@ogletreedeakins.com*
*katherine.manuel@ogletreedeakins.com*

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2016, I electronically filed the foregoing *Defendant Alfred Perales' Renewed Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b)* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Uche O. Asonye, Esq.
Vaughn C. Ganiyu, Esq.
John A. Singer, Esq.
**ASONYE & ASSOCIATES**
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60603
*uasonye@aa-law.com*
*vganiyu@aa-law.com*
*jsinger@aa-law.com*

*Attorneys for Plaintiff*

/s/ Katherine A. Manuel
One of the Attorneys for Defendant
ALFRED PERALES

24964077.1